UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

```
----------------------------------------------- x
                                                :      Chapter 11
                                                :
In re:                                          :
The Louisville Orchestra, Inc.                  :      Case No. 10-36321
                                                :
                                                :
        Debtor                                  :
                                                :
----------------------------------------------- x
```

**MOTION FOR ORDER (A) AUTHORIZING
MAINTENANCE OF PRE-PETITION BANK ACCOUNTS
AND BUSINESS FORMS; AND (B) DIRECTING BANKS TO
HONOR CERTAIN PRE-PETITION CHECKS**

The Louisville Orchestra, Inc., the debtor herein (the "Debtor"), by counsel,

moves the Court to enter an Order (a) authorizing the Debtor to maintain its pre-petition

bank accounts and business forms; and (b) directing all banks to honor certain pre-

petition checks issued by the Debtor. In support of this Motion, the Debtor states as

follows:

1.      On December 3, 2010, (the "Petition Date"), the Debtor filed its voluntary

petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to

manage its property and operate its business pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.      The Debtor is a non-profit organization with a tax exempt status as

conferred to it by the United States Department of the Treasury Internal Revenue

pursuant to 28 U.S.C. 501(c). The Debtor maintains its principal office in Louisville,

Kentucky. The Debtor operates a symphony orchestra which offers various concert

series, performs individual concerts and provides educational programming throughout

Kentucky and southern Indiana.

3.      One of the Debtor's primary ongoing expenses is wages and salaries for its employees. Debtor's administrative  staff are paid in arrears, every two weeks. For each pay period, the Debtor is liable for approximately $50,000 in gross wages and salaries with respect to such administrative staff.

4.      Prior to the Petition Date and in the ordinary course of its business, the Debtor maintained bank accounts at Fifth Third Bank ("FTB") Chase Bank ("Chase"), Branch Banking & Trust Company ("BB&T") and PNC Bank ("PNC") as set forth in the following table (collectively, the "Bank Accounts"):

| Financial Institution | Account Number | Purpose of Account |
|---|---|---|
| FTB | XXXX1658 | Operating Account |
| FTB | XXXXXX4428 | Charitable Gaming |
| Chase | XXXXXXXXXX8313 | Payroll Account |
| BB&T | XXXXXXXX5901 | Film Account |
| PNC | XXXXXXXXX7958 | Matching Endowment |

5.      The United States Trustee has established certain operating guidelines for debtors in possession (the "UST Guidelines"). One provision of the UST Guidelines requires a Chapter 11 debtor in possession to close all existing pre-petition bank accounts and open new accounts. The UST Guidelines also require that new bank accounts be opened in certain financial institutions designated as "authorized depositories" by the United States Trustee. These requirements are intended to (i) provide a clear division between pre-petition and post-petition claims and payments, and (ii) help protect against

inadvertent payment of pre-petition claims by preventing banks from honoring checks drawn prior to the Petition Date.

6.     As outlined above, prior to the Petition Date and in the ordinary course of business the Debtor maintained various special-purpose accounts.

7.     The Debtor seeks a waiver of the United States Trustee's requirement that the Debtor close the Bank Accounts and open new post-petition bank accounts at depositories authorized by the United States Trustee. If strictly enforced in this Chapter 11 case, the United States Trustee's requirement would cause substantial disruption in the Debtor's activities and would impair the Debtor's ability to preserve the value of its assets during this reorganization.

8.     Maintaining the Bank Accounts would greatly facilitate the Debtor's "seamless transition" to post-petition operations. To avoid delays in paying debts incurred post-petition and to ensure as smooth a transition into Chapter 11 as possible, the Debtor seeks authority to maintain the existing Bank Accounts and, if necessary, to open new accounts and close existing accounts in the normal course of its business operations and in accordance with the procedures set forth in the proposed order filed concurrently herewith, but without further application to this Court.

9.     In other Chapter 11 cases, this Court has waived the strict enforcement of bank account closing requirements and replaced them with alternative procedures that provide the same protection. *See In re Jillian's Entertainment Holdings. Inc.*, Case No. 04-33192 (Bankr. W.D. Ky. May 26, 2004); *In re Precision Tool, Die and Machine Co.*, Case No.03-38707 (Bankr. W.D. Ky. Dec. 19, 2003); *In re Lightyear Holdings. Inc.*,

Case No.02-32257 (Bankr. W.D. Ky. Oct. 9, 2002); *In re HealthEssentials Solutions, Inc.*, CaseNo. 05-31218 (Bankr. W.D. Ky. March 1, 2005).

10.     A similar waiver of the account closing requirement is necessary here. The Debtor requests that the Bank Accounts be deemed debtor in possession accounts and that the Debtor be authorized to maintain and continue to use the Bank Accounts in the same manner and with the same account numbers, styles and document forms as those used pre-petition.

11.     To minimize expense to the estate, the Debtor also requests authority to continue using all correspondence and business forms (including, but not limited to, letterhead, purchase orders, invoices, etc.), as well as checks, without reference to its "debtor in possession" status.

12.      Parties doing business with the Debtor undoubtedly will be aware of the Debtor's status as a Chapter 11 debtor in possession from the bankruptcy notice that will be sent to all known creditors. Changing correspondence and business forms would be unnecessary and burdensome to the estate, as well as expensive and disruptive to the Debtor's business operations.

13.     For the foregoing reasons, the Debtor requests that it be authorized to use existing checks and business forms without placing the label "debtor in possession" on each such check or form. This Court and others have allowed debtors to use their pre-petition forms without the "debtor in possession" label. *See In re Jillian's Entertainment Holdings, Inc.*, Case No. 04-33192 (Bankr. W.D. Ky. May 26, 2004); *In re Horizon Natural Resources Company*, Case No. 02-14261 (Bankr. E.D. Ky. Nov. 15, 2002); *In re Rehab Designs of America Corp.*, Case No. 01-30860 (Bankr. W.D. Ky. Feb. 16, 2001).

When the existing check stock is depleted, the Debtors agree to use new checks which include the "debtor in possession" ("DIP") designation.

14.     In addition to permitting the maintenance of the Bank Accounts and prepetition forms, the Debtor should be granted relief from the UST Guidelines to the extent they require that the Debtor make all disbursements by check. While the majority of the Debtor's disbursements are made by check, it is sometimes necessary for the Debtor to conduct certain transactions by wire transfer. The Debtor uses wire transfers from time to time where suppliers or other creditors require immediate payment. In addition, the Debtor meets its payroll obligations via electronic direct deposit transactions. Denying the Debtor the opportunity to conduct wire transfers would unnecessarily interfere with the Debtor's flexibility in the performance of its business obligations and operations.

15.     The Debtor also requests with this Motion entry of an Order directing its banks to honor outstanding pre-petition checks of the Debtor (the "Pre-petition Checks"). Due to the emergency nature of the bankruptcy filing and this Motion, the Debtor is unable to estimate the value of its outstanding checks, but the Debtor believes that it is a substantial amount. The Debtor believes that certain of the Pre-petition Checks will have cleared prior to the Petition Date; however, to the extent that certain checks remain outstanding, the Debtor seeks entry of an order directing all banks to honor such checks.

WHEREFORE, the Debtor respectfully requests the Court grant the relief requested herein through entry of the proposed order tendered herewith.

Respectfully Submitted:

/s/ Mark A. Robinson
Mark A. Robinson
Daniel T. Albers, Jr.
Robert T. Wagner
Valenti Hanley & Robinson, PLLC
Suite 1950 One Riverfront Plaza
401 W. Main Street,
Louisville, Kentucky 40202
(502) 568-2100
(502) 568-2101 – Fax
**Proposed Counsel for Debtor, The
Louisville Orchestra, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic and/or overnight mail this 3rd day of December, 2010 upon the list of 20 largest unsecured creditors, the Office of the United States Trustee and:

American Federation of Musicians
Of the United States and Canada
Local 11-637
Attn: Joe Spain
1436 Bardstown Rd.
Louisville, Ky. 40204
musicunion@louisvillemusicians.org

Lisa Koch Bryant, Esq.
Anthony Raluy, Esq.
Foley Bryant Holloway & Raluy
500 W. Jefferson St., Ste. 2450
Louisville, KY 40202
(502) 569-7550
lbryant@fbhlaw.net
traluy@fbhlaw.net
**Counsel for JPMorgan Chase, NA**


American Federation of Musicians
Attn: Ray Hair
1501 Broadway
Suite 600
New York, NY  10036

Fifth Third Bank
Attn: Kevin L. Anderson
401 South Fourth Street
MD C88572
Louisville, KY 40202-3411


American Federation of Musicians &
Employer's Pension Fund
Attn: William Luebking
One Penn Plaza, Suite 3115
New York, NY 10019


/s/ Mark A. Robinson
Mark A. Robinson