UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

```
------------------------------------------------ x
                                                 :   Chapter 11
  In re:                                         :
  The Louisville Orchestra, Inc.                 :   Case No. 10-36321
                                                 :
                                                 :
         Debtor                                  :
                                                 :
------------------------------------------------ x
```

**MOTION FOR AUTHORIZATION TO PAY WAGES,
SALARIES, WITHHOLDING TAXES,
<u>DESIGNATED PAYMENTS AND EMPLOYEE BENEFITS</u>**

The Louisville Orchestra, Inc., the debtor herein (the "Debtor"), by counsel, hereby moves the Court for an Order pursuant to 11 U.S.C. §105(a) authorizing the payment of wages, salaries, withholding taxes, certain designated payments and health insurance benefits. In support of this motion, the Debtor states as follows:

1. On the date hereof (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its property and operate its business as the Debtor-in-possession pursuant to 11 U.S.C. §§1107(a) and 1108.

2. The Debtor is a non-profit organization that maintains its principal office in Louisville, Kentucky. The Debtor operates a symphony orchestra which offers various concert series, performs individual concerts and provides educational programming throughout Kentucky and southern Indiana.

3. The Debtor internally processes and remits all payroll deductions including, but not limited to, 401(k) contributions, deductions for insurance premiums, deductions for child support, Chapter 13 plan payments and court-ordered garnishments.

4. The Debtor's administrative staff is paid on the 15th and 30th days of the applicable month **in arrears** unless the payment date falls on a weekend, in which case the payment is made on the Friday preceding the 15th or 30th day of the month, as the case may be.

5. Musicians employed by the Debtor (the "Musicians") are paid **prospectively** on the 15th and 30th days of the applicable month unless the payment date falls on a weekend, in which case the payment is made on the Friday directly preceding the 15th or 30th day of the month, as the case may be.

6. As a result of the extraordinary generosity of an anonymous donor, the Debtor fully funded its payroll to all of its employees on November 30, 2010, two days prior to the Petition Date. As a result, the Musicians have been paid in advance through December 15, 2010. However, the administrative staff is owed wages for two pre petition business days. With this motion, the Debtor seeks authorization to pay those pre-petition wages in the ordinary course of business.

7. Attendant to the payment of payroll taxes is the Debtor's obligation to pay federal and state withholding taxes, (the "Withholding Taxes"). At any given time, there may be Withholding Taxes withheld from employees' paychecks but not yet remitted to the appropriate taxing authorities.

8. Debtor estimates its liability for Withholding Taxes for the pre-petition pay period to be approximately $1,065.42. The Debtor submits that these amounts are withheld, but not yet paid, and constitute funds held in trust for the benefit of Debtor's employees. Nonetheless, Debtor seeks authorization from this Court to remit these amounts to the appropriate taxing authorities.

9. Accordingly, with this Motion, the Debtor seeks authority to remit to any appropriate taxing authorities all accrued, but un-remitted pre-petition Withholding Taxes estimated to be in the amount of approximately $1,065.42.

10. The Debtor currently provides health insurance benefits to its eligible employees at the employee's election. A portion of some of the participating employees' insurance premium is deducted from the employees' wages or salary each pay period. For the period beginning December 1, 2010 (two days pre petition), Debtor is liable to insurance providers for approximately $35,600 as payment for insurance coverage (the "Insurance Premium") for the month of December. With this motion, Debtor requests that this Court authorize the payment of the Insurance Premium to the extent that employees pay the portion for which they are obligated.

11. Furthermore, as a service to its employees, Debtor withholds certain amount from its employees' paychecks for the benefit of designated recipients or purposes, including but not limited to, the payment of union dues, charitable contributions, health insurance premiums, the payment of garnishment awards, child support awards, Chapter 13 bankruptcy plan payments, and retirement savings plans (the "Designated Payments"). For the pre-petition pay period, Debtor estimates that Designated Payments are withheld from employees' paychecks in the approximate amount of $211.85. Debtor submits that such amounts are, in effect, trust funds for the benefit of employees. With this motion, Debtor requests the authority to remit, for the benefit of its employees, all Designated Payments deducted from its employees' paychecks.

12. Pursuant to this motion, Debtor seeks authority of this Court to (i) pay all prepetition wages; (ii) pay all current and accrued Withholding Taxes with respect to the pre petition wages; and (iii) pay the health insurance premium due for coverage for the month of December to the extent each employee pays the portion for which they are obligated.

13. Unless authorized by this Court, the Debtor may be restricted from paying the prepetition wages attributed to the period prior to the petition date, Withholding Taxes related thereto, health insurance due as of the Petition, or Designated Payments previously withheld from employees' paychecks.

14. Debtor submits that the payment of all pre-petition wages, Withholding Taxes, and health insurance benefits as proposed herein is in the best interest of all parties and will enable the Debtor to continue to operate its business in an economic manner without disruption.

15. Furthermore, as indicated above, the amounts withheld as employee taxes and Designated Payments effectively constitute trust funds held for the benefit of Debtor's employees. Accordingly, these withheld funds, technically, are not property of the estate and should be paid to the designated recipients all for the designated purposes.

WHERFORE, Debtor respectfully requests entry of an Order authorizing the relief requested herein.

Respectfully Submitted:

/s/ Mark A. Robinson
Mark A. Robinson
Daniel T. Albers, Jr.
Robert T. Wagner
Valenti Hanley & Robinson, PLLC
Suite 1950 One Riverfront Plaza
401 W. Main Street,
Louisville, Kentucky 40202
(502) 568-2100
(502) 568-2101 – Fax
**Counsel for Debtor, The Louisville Orchestra, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic and/or overnight mail this 3rd day of December, 2010 upon the list of 20 largest unsecured creditors, the Office of the United States Trustee and:

American Federation of Musicians
Of the United States and Canada
Local 11-637
Attn: Joe Spain
1436 Bardstown Rd.
Louisville, Ky. 40204
musicunion@louisvillemusicians.org

Lisa Koch Bryant, Esq.
Anthony Raluy, Esq.
Foley Bryant Holloway & Raluy
500 W. Jefferson St., Ste. 2450
Louisville, KY 40202
(502) 569-7550
lbryant@fbhlaw.net
traluy@fbhlaw.net
**Counsel for JPMorgan Chase, NA**

American Federation of Musicians
Attn: Ray Hair
1501 Broadway
Suite 600
New York, NY 10036

Fifth Third Bank
Attn: Kevin L. Anderson
401 South Fourth Street
MD C88572
Louisville, KY 40202-3411

American Federation of Musicians &
Employer's Pension Fund
Attn: William Luebking
One Penn Plaza, Suite 3115
New York, NY 10019

/s/ Mark A. Robinson
Mark A. Robinson