UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

---

|  |  |
|---|---|
| In re:<br>The Louisville Orchestra, Inc.<br><br>Debtor | Chapter 11<br><br>Case No. 10-36321 |

---

**MOTION BY THE DEBTOR SEEKING INTERIM RELIEF
FROM COLLECTIVE BARGAINING AGREEMENT
PURSUANT TO 11 U.S.C. §§1113(e) AND 1114(h)**

The Louisville Orchestra, Inc., the debtor herein (the "Debtor"), by counsel, hereby moves the Court for the entry of an order granting interim relief from a collective bargaining agreement pursuant to 11 U.S.C. §§ 1113(e) and 1114(h). In support of its motion, the Debtor states as follows:

**BACKGROUND**

1. On December 3, 2010 (the "Petition Date"), the Debtor filed its voluntary for relief under chapter 11 of the Bankruptcy Code commencing this proceeding.

2. The Debtor is presently operating its business and managing its assets pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. The Debtor is a Kentucky nonprofit corporation with its principal place of business in Louisville, Kentucky.

4. The Debtor operates a symphony orchestra offering a wide variety of concert series and performances throughout both Kentucky and Southern Indiana.

5. The musicians employed by the Debtor are affiliated with the American Federation of Musicians of the United States and Canada (the "Union").

6. The Debtor is a party to a certain collective bargaining agreement with the Union entitled "2006-2011 Master Agreement" (the "CBA"), the term of which commenced on September 1, 2006 and runs until May 31, 2011.

### RELIEF REQUESTED

7. Pursuant to 11 U.S.C. §§ 1113(e) and 1114(h), the Debtor is requesting that the Court grant interim relief from the CBA for the purpose of avoiding irreparable damage to the Debtor's estate. This requested relief, if granted, will be essential to the continuation of the Debtor's business.

8. Specifically, the Debtor requests that the Court relieve the Debtor of its obligations to make any payments under the CBA for 120 days from December 15, 2010,[1] with the Musicians being relieved of their obligation to practice or perform for that same period of time.

9. During this time, the Debtor will seek additional funding of its operations from donors, sponsors and related sources and engage in good faith negotiations with the Union in order to reach a mutually acceptable modification of the CBA.

10. It is hoped that, at the end of the 120 day period, the Debtor will have obtained sufficient commitments from donors to offer the performances currently scheduled for the months of April and May 2011 (the last two months of the current season).

---

[1] The Musicians are paid in advance, the Debtor made the payroll due on November 30, 2010 and thus the Musicians have been paid through December 15, 2010. The Debtor has separately moved the Court for authority to pay health insurance benefits for the all employees, including the Musicians, for the entire

2

11. If the Debtor is able to obtain sufficient funding prior to the end of the 120 day period, it will make one or more supplemental motions to this Court for additional appropriate relief under the CBA to offer performances that can be fully funded under a sustainable and responsible cost structure.

## DISCUSSION

12. The basis for the request for relief set forth herein is 11 U.S.C. §§ 1113(e) and 1114(h). Section 1113(e) provides:

> If during a period when the collective bargaining agreement continues in effect, and if essential to the continuation of the debtor's business, or in order to avoid irreparable damage to the estate, the court, after notice and a hearing, may authorize the trustee to implement interim changes in the terms, conditions, wages, benefits, or work rules provided by a collective bargaining agreement. Any hearing under this paragraph shall be scheduled in accordance with the needs of the trustee. The implementation of such interim changes shall not render the application for rejection moot.

11 U.S.C. § 1113(e). Section 1114(h) provides:

> Prior to a court issuing a final order under subsection (g) of this section, if essential to the continuation of the debtor's business, or in order to avoid irreparable damage to the estate, the court, after notice and a hearing, may authorize the trustee to implement interim modifications in retiree benefits.

11 U.S.C. § 1114(h).

13. Under the CBA, the Debtor is required to employ not less than 71 full time musicians (the "Musicians") at a current annual approximate cost of $2,440,000.00 in wages ("CBA Wages"), $130,000 in pension benefits ("Pension Benefits") and $273,000 in health care benefits.

---

month of December.

14. Under the CBA, the Musicians are obligated to perform for thirty seven (37) weeks each year, with CBA Wages being paid twice each month throughout the entire year.

15. The amount due for wages under the CBA on December 15, 2011 will be approximately $115,000. The Debtor currently does not have sufficient cash assets to fund this payment. The Debtor also does not anticipate that it will have sufficient cash to make any of such payments due in the next 120 days.

16. If the Debtor were required to make such payments, it would eliminate its ability to recover from its current financial condition and, more than likely, would force the Debtor to cease operations altogether.

17. The cost reductions achieved by interim relief sought herein is necessary to avoid immediate and irreparable harm to the Debtor and to its employees, patrons, suppliers and creditors.

18. Compliance with the CBA in the next 120 days will irreparably harm the Debtor because the Debtor is currently unable to make the payments due thereunder and will be forced to cease operations if relief is not granted.

19. The Debtor does not currently have sufficient capital to make the payments due under the CBA and continue operating. Therefore, the Debtor's avoidance of "irreparable damage to [its] estate," 11 U.S.C. §§ 1113(e), 1114(h), crucially depends on the Court granting the relief sought herein.

20. Moreover, the interim relief sought in this motion is "essential to the continuation of the Debtor's business," *id*., because the interim relief from the CBA will allow the Debtor to

maintain a sufficient level of capital necessary to fund the Debtor's day-to-day business operations.

21. Prior to the filing of this case, the Debtor had conducted substantial, good-faith negotiations with the Musicians and their authorized representatives to address the funding issue and other critical issues. Thus far, a meaningful resolution to these issues has not been reached. However, pursuant to § 1113 and 1114, the Debtor will continue its good-faith negotiations with the hope of permanently resolving these issues.

22. The Musicians will not be prejudiced by the relief sought herein because if it is not given, the Debtor will be forced to cease operations and no further payments will be made under the CBA in that event. Moreover, the musicians' rights are protected by the other provisions of § 1113 which prevents the Debtor from unilaterally rejecting or modifying the CBA without first formally negotiating with "an authorized representative" of the employees. Id. All remaining terms of the CBA thus remain in full force and effect unless modified by the parties through an additional process of good faith collective bargaining or upon rejection with authority of the Court.

## **CONCLUSION**

23. Based on the foregoing, the relief requested herein is essential to the continuation of the Debtor's business. Failure by the Court to grant the limited, interim relief from the CBA requested hereby will result in irreparable harm to the Debtor.

WHEREFORE the Debtor requests that the enter an order that granting interim relief from the payment provisions of the CBA to the Debtor pursuant to 11 U.S.C. §§ 1113(e) and 1114(h) for a period of 120 days, with the musicians excused from the obligation to perform services for that period of time.

Respectfully Submitted:

/s/ Mark A. Robinson
Mark A. Robinson
Daniel T. Albers, Jr.
Robert T. Wagner
Valenti Hanley & Robinson, PLLC
Suite 1950 One Riverfront Plaza
401 W. Main Street,
Louisville, Kentucky 40202
(502) 568-2100
(502) 568-2101 – Fax
**Proposed Counsel for Debtor, The Louisville Orchestra, Inc.**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing was served via electronic and/or overnight mail this 3rd day of December, 2010 upon the list of 20 largest unsecured creditors, the Office of the United States Trustee and:

| | |
|---|---|
| American Federation of Musicians<br>Of the United States and Canada<br>Local 11-637<br>Attn: Joe Spain<br>1436 Bardstown Rd.<br>Louisville, Ky. 40204<br>musicunion@louisvillemusicians.org | Lisa Koch Bryant, Esq.<br>Anthony Raluy, Esq.<br>Foley Bryant Holloway & Raluy<br>500 W. Jefferson St., Ste. 2450<br>Louisville, KY 40202<br>(502) 569-7550<br>lbryant@fbhlaw.net<br>traluy@fbhlaw.net<br>**Counsel for JPMorgan Chase, NA** |
| American Federation of Musicians<br>Attn: Ray Hair<br>1501 Broadway<br>Suite 600<br>New York, NY  10036 | Fifth Third Bank<br>Attn: Kevin L. Anderson<br>401 South Fourth Street<br>MD C88572<br>Louisville, KY 40202-3411 |
| American Federation of Musicians &<br>Employer's Pension Fund<br>Attn: William Luebking<br>One Penn Plaza, Suite 3115<br>New York, NY 10019 | |

                /s/ Mark A. Robinson
                Mark A. Robinson