UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THE LOUISVILLE ORCHESTRA, INC. | ) | CASE NO. 10-36321 |
| | ) | CHAPTER 11 |
| Debtor | ) | |
| | ) | Electronically filed |
| | ) | |

**OBJECTION OF
THE LOUISVILLE ORCHESTRA MUSICIANS' ASSOCIATION
AND THE LOUISVILLE ORCHESTRA MUSICIANS' COMMITTEE
TO DEBTOR'S MOTION FOR INTERIM RELIEF
FROM COLLECTIVE BARGAINING AGREEMENT**

\*\* \*\* \*\*

The Louisville Orchestra Musicians' Association and the Louisville Orchestra Musicians' Committee (individually and collectively, the "Orchestra Musicians"), by counsel, object to the "Motion By The Debtor Seeking Interim Relief From Collective Bargaining Agreement" (the "CBA Motion"):

## Introduction

The Debtor, the Louisville Orchestra, Inc. (the "Debtor" or the "Louisville Orchestra"), has filed a petition under Chapter 11 of the Bankruptcy Code to reorganize its operations. The Orchestra Musicians are the 65 full-time musicians who play the music at the Debtor's concerts. In a separate motion seeking to maintain its bank accounts, the Debtor argues that its goal is a "'seamless transition to post-petition operations." See Paragraph 8 of the Debtor's "Motion For Order (A) Authorizing Maintenance Of Prepetition Bank Accounts And Business Forms; And (B) Directing Bank To Hone Certain Pre-Petition Checks." In this motion, however, the Louisville Orchestra

seeks the Court's permission for entirely contradictory order – for an order permitting to violate its contractual obligations and ceasing having any concerts through April 15, 2011.

This emergency motion should be rejected out of hand. First, it is not accompanied by any bankruptcy schedules, affidavits or other evidence justifying an emergency order of this Court ceasing the very events that the Debtor claims its wishes to "seamlessly" continue. Second, the Debtor's own audited financial statements show that it had "Investments, at fair value" as of May 31, 2010 of $8,928,465 and liabilities of only $1,1177,727. Third, the Debtor has not met the stringent requirements under 11 U.S.C. §1113(e) and 1114(h) for awarding it the relief it seeks. As a matter of law, the Debtor's Motion must be denied.

**Argument**

The standard for preliminary relief falls under 11 U.S.C. § 1113 which states:

(e) If during a period when the collective bargaining agreement continues in effect, and if essential to the continuation of the debtor's business, or in order to avoid irreparable damage to the estate, the court, after notice and hearing, may authorize the trustee to implement interim changes in terms, conditions, wages, benefits or work rules provided by a collective bargaining agreement. Any hearing under this paragraph shall be scheduled in accordance with the needs of the trustee. The implementation of such interim changes shall not render the application for rejection moot.

"These terms have been held to mean that interim relief should be limited to the bare minimum, short-term requirements for the debtor's immediate survival." 7 Collier on Bankruptcy at ¶ 1113.02[3], at p. 1113-13 (15th ed., rev. 2008). Indeed, the statute itself contemplates "interim changes in terms" not a wholesale repudiation of all of the agreement.

Here, there is absolutely no evidence of "irreparable damage" to the estate by continuing the terms of the collective bargaining agreement. The only evidence of record, attached hereto as Exhibit A, shows that the Debtor had "Investments, at fair value" as of May 31, 2010 of $8,928,465 and liabilities of only $1,1177,727. See "Audited Consolidated Financial Statements" of the Debtor

prepared by Strothman & Company, P.S.C. dated May 31, 2010. The only evidence of record shows that the Debtor has substantial resources available. Based on such financials, it is nearly impossible to say that there would be "irreparable harm" to the Debtor when there appears to millions of dollars specifically dedicated to funding the concerts of the Debtor.

Secondly, the Debtor has yet to file any schedules in this case. Without filing such schedules, there is absolutely no evidence to support that the Debtor's contention that there is "irreparable harm" sufficient to merit the Debtor's Motion for Interim Relief from paying the Musicians under the terms of the collective bargaining agreement.[1] Without the filing of such schedules, there is a completely insufficient evidence of record to support the granting of the Debtor's Motion. It cannot be ignored that that the Debtor has a difficult burden to overcome in having to prove "irreparable harm" or that the only appropriate relief is a wholesale cancellation of the remainder of the orchestra's season. Without the Debtor providing verified financial data, which specifically contradicts that of the verified financial data attached hereto as Exhibit A, there is not sufficient evidence to warrant the granting of the Debtor's Motion.

Thirdly, there is not even so much as an affidavit or a single document to support the Debtor's Motion. There is no discussion of many of the critical facts that bear upon what are appropriate "interim changes in terms, conditions, wages, benefits or work rules" as contemplated by 11 U.S.C. §1113. These facts include: (i) how many events will be cancelled, (ii) what is the nature of those events, (iii) how will canceling these events affect costs and revenue, (iv) how will canceling these events affect the loyalty of customers, vendors, suppliers, donors, and others persons vital for an effective reorganization, (v) how does the Louisville Orchestra's endowment and other

---

[1] Even if the Debtor cannot meet payroll for some of the future events (which there is no evidence to support at this time), then the only loss would be that the musicians would be entitled to an administrative priority claim.

fundraising efforts bear upon the appropriate scope of changes to the contract with the Orchestra Musicians, and (vi) are there alternatives to a wholesale cancellation of all events through the remainder of the season.

Instead of a substantive analysis of these and all other appropriate considerations, the Debtor simply states it its Motion that pursuant to "11 U.S.C. §§ 1113(e) and 1114(h), the Debtor is requesting that the Court grant interim relief from the CBA for the purpose of avoiding irreparable damage to the Debtor's Estate." Such blanket statement without any supporting evidence is not sufficient to carry the strong burden of the Debtor to merit the relief it seeks in its Motion.

It is presumed that the Debtor has filed Chapter 11 with the intention of reorganizing. However, it is hard to believe that such an organization can exist without the lifeblood of the organization itself: the Musicians and the events they play at. There are currently events scheduled for the remainder of December as well as January, February and March of next year. It is hard to imagine that it is a good faith effort to reorganize a business when it in fact proposes to shut down that business for 120 days. Furthermore, it is hard to imagine that such extraordinary relief could even be considered without any verified testimony or financials to support such position. The bottom line is that there is no evidence of any irreparable harm to the Debtor.

The Debtor has completely and utterly failed to present any verified information to support its position that there is "irreparable harm" present to warrant the discontinuing the terms of the collective bargaining agreement. As a matter of law, the Debtor has not met its burden and its Motion must be denied.

**WHEREFORE**, the Orchestra Musicians, by counsel, respectfully move the Court to deny the Debtor's "Motion Seeking Interim Relief From Collective Bargaining Agreement".

Respectfully submitted:

MORGAN & POTTINGER, P.S.C.

By: /s/ Timothy Schenk
    Timothy Schenk
    tschenk@morganandpottinger.com
    M. Thurman Senn
    mts@morganandpottinger.com
    J. Morgan McGarvey
    MORGAN & POTTINGER, P.S.C.
    601 West Main Street
    Louisville, Kentucky 40202
    (502) 589-2780
    *Counsel for Louisville Orchestra Musicians'*
    *Association and Louisville Orchestra Musicians'*
    *Committee*

**Certificate Of Service**

    I hereby certify that this Objection and tendered Order were mailed, first class and postage pre-paid, this 6th day of December, 2010, to all those to whom notice is not electronically mailed by the Court, as indicated on the Court's Notice of Electronic Filing.

                                    s/ Timothy A. Schenk
                                    Timothy A. Schenk