**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**ELECTRONICALLY FILED**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 10-36321 |
| THE LOUISVILLE ORCHESTRA, INC. ) | Chapter 11 |
| ) | |
| Debtor ) | Judge David T. Stosberg |
| ) | |

**JOINT MOTION TO AUTHORIZE SETTLEMENT AGREEMENT BETWEEN
DEBTOR, FIFTH THIRD BANK, AND OWSLEY BROWN II**

**I. INTRODUCTION**

The Debtor, The Louisville Orchestra, Inc. (the "Debtor"), Creditor Fifth Third Bank ("Fifth Third"), and Creditor Owsley Brown II ("Mr. Brown") (the Debtor, Fifth Third, and Mr. Brown, collectively, the "Settlement Parties") submit this Joint Motion To Authorize Settlement Agreement pursuant to, *inter alia*, Federal Rule of Bankruptcy Procedure 9019 (the "Motion"). The Settlement Parties have been in negotiations regarding the Debtor's accounts and outstanding loan with Fifth Third and Mr. Brown's pledge and related guaranty. The Settlement Parties state the following in support of the Motion.

**II. BACKGROUND**

1. On February 11, 2010, Brown executed and delivered a letter pledging four hundred thousand dollars ($400,000) to the Orchestra in three (3) installments of $150,000 by December 31, 2011, $150,000 by December 31, 2012, and $100,000 by December 31, 2013 (the "Pledge"). Pursuant to its terms, the Orchestra was authorized to use the Pledge as "backing for a loan" provided that "the principal face amount of the loan will be reduced by each of the

payments [made under the Pledge] (without regard to whether the interest on such loan obligation is then current)."

2.  On March 9, 2010, the Orchestra executed and delivered to Fifth Third a draw note in the amount of four hundred thousand dollars ($400,000) (the "Note"). As of March 9, 2010, Brown executed and delivered to Fifth Third a Continuing Guaranty Agreement, which guaranteed the Note, and any interest, attorney fees and claw-back recoveries related thereto (the "Guaranty").

3.  On December 3, 2010 (the "Petition Date"), the Orchestra filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Kentucky (the "Bankruptcy Court").

4.  Prior to and on the Petition Date, the Debtor owned and maintained two deposit accounts at Fifth Third as follows:

    - an operating account, XXXX1658; and

    - a charitable gaming account, XXXXXX4428

(collectively, the "Deposit Accounts"). The Deposit Accounts held approximately $107,000 as of the Petition Date.

5.  Prior to the Petition Date, the Debtor granted Fifth Third a security interest in the Deposit Accounts to secure all indebtedness to Fifth Third pursuant to the account opening documents.

6.  As of the Petition Date, the amount due under the Note (and the Guaranty) was principal of $155,000 with accrued interest of $256.72, for a total amount due and owing of $155,256.72 (the "Petition Date Balance"). Under the terms of the Note, the Orchestra is also liable for Fifth Third's attorney fees.

7. Prior to the Petition Date, the Debtor also maintained multiple credit card accounts with Fifth Third, pursuant to which it owes Fifth Third $4,663.90, plus interest and Fifth Third's attorney fees (the "Credit Card Accounts") (the Petition Date Balance and the amount currently due for the Credit Card Accounts, collectively, referred to as the "Indebtedness").

8. Notwithstanding the express terms of the Pledge, neither the Note nor the Guaranty provided for the reduction of the principal face amount of the loan based upon payments made under the Pledge. As a result of this failure of an express condition precedent, Brown asserts that he is relieved from any further obligations under the Pledge.

9. Brown wishes to pay the Petition Date Balance, as that term is defined above, to the Orchestra, for the Orchestra's payment to Fifth Third in satisfaction of the majority of his and the Orchestra's obligation to Fifth Third, but Brown is not willing to do so until such time as the Orchestra releases all avoidance actions which may implicate the Guaranty. The Orchestra wishes to satisfy the majority of Fifth Third's claim against it under the Note with funds from Brown not otherwise available to the estate.

10. In order to avoid the costs and uncertainty related to this dispute, the Parties have agreed to settle the subject dispute on the terms and conditions set forth in the Settlement Agreement, attached and incorporated here as **Exhibit 1** (the "Settlement Agreement").

### III. AUTHORITY

Bankruptcy courts have noted that settlement agreements are commonly welcomed. *See, e.g., In re Sheffer*, 350 B.R. 402, 405 (Bankr. W.D. Ky. 2006) ("The Court starts its analysis with the basic premise that settlements are generally favored in bankruptcy proceedings because they provide for an often needed and efficient resolution of a bankruptcy case.") (citation omitted). In the Sixth Circuit, a "bankruptcy court is charged with an affirmative obligation to apprise itself

of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988).

The Settlement Parties have concluded that the Settlement Agreement is "fair and equitable." When moved to approve a Settlement Agreement, a court does not need to hold a mini-trial on the issue; instead, the court should be "apprised of the relevant facts and law." *Olson v. Anderson (In re Anderson)*, 377 B.R. 865, 871 (6th Cir. B.A.P. 2007), *abrogated on other grounds by*, *Schwab v. Reilly*, 130 S. Ct. 2652 (2010). Through this Motion, the Settlement Parties have provided the Court with notice of the pertinent authority and facts and has met the burden required for the Court to authorize the settlement.

## IV. CONCLUSION

WHEREFORE, the Settlement Parties respectfully request that the Court enter the tendered proposed order granting the Motion.

Respectfully submitted,

/s/Mark A. Robinson
Mark A. Robinson
Daniel T. Albers, Jr.
Robert T. Wagner
Valenti Hanley & Robinsons, PLLC
Suite 1950 One Riverfront Plaza
401 W. Main Street
Louisville, Kentucky  40202
(502) 568-2100

*Counsel for Debtor,*
*The Louisville Orchestra, Inc.*


/s/Lea Pauley Goff
Lea Pauley Goff
Jamie S. Brodsky
Matthew R. Lindblom
Stoll Keenon Ogden PLLC
500 West Jefferson Street
2000 PNC Plaza
Louisville, Kentucky  40202

*Counsel for Creditor,*
*Fifth Third Bank*


/s/Robert J. Brown
Robert J. Brown
Wyatt Tarrant & Combs, LLP
Lexington Financial Center
250 West Main Street
Suite 1600
Lexington, Kentucky  40507-1746

*Counsel for Creditor,*
*Owsley Brown II*

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that a copy of foregoing was served via electronic and/or first class mail, postage prepaid this 3rd day of June, 2011 upon the parties to be notified as provided by ECF upon the filing hereof and upon all other parties contained in the Debtor's mailing matrix.

        /s/Mark A. Robinson
        Mark A. Robinson