UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

------------------------------------------------------ x
                                   :       Chapter 11
In re:                              :
The Louisville Orchestra, Inc.        :       Case No. 10-36321
                                   :
                                   :
     Debtor                          :
                                   :
------------------------------------------------------ x

**DEBTOR'S RESPONSE TO
OBJECTIONS TO DISCLOSURE STATEMENT**

The Louisville Orchestra, Inc., the debtor herein (the "Debtor"), by counsel, for its response to the objections (collectively, the "Objections") filed by the Louisville Orchestra Musicians' Association and The Louisville Orchestra Musicians' Committee (collectively, the "Musicians"), the Louisville Federation of Musicians and the American Federation of Musicians (collectively, the "Union"), and the American Federation of Musicians and Employers' Pension Fund (the "Pension Fund") to the Debtor's Disclosure Statement (the "Disclosure Statement"), states as follows:

**I.  Procedural Background**

The Debtor filed the Disclosure Statement on May 30, 2011 [D.N 147]. On June 13, 2011, objections to the Disclosure Statement were filed by the Musicians (the "Musicians Objection") [DN 164], the Union (the "Union Objection") [DN 166] and the Pension Fund (the "Pension Fund Objection") [DN 168]. In addition, the Pension Fund filed a proof of claim [Claim No. 84-1], on June 14, 2011 and an amended proof of claim [Claim No. 84-2] on June 22, 2011 (as amended, the "Pension Claim"). The Musicians filed a proof of claim identical to that of the Pension Fund on June 22, 2001 [Claim No. 94].

## II. Response to Objections of the Musicians and the Union

The Musicians Objection and the Union Objection should not be considered by the Court because the Musicians and the Union are not creditors of the Debtor[1] and are not entitled to vote on the proposed Plan of Reorganization filed by the Debtor (the "Plan"). A disclosure statement is required only for the purpose of soliciting an acceptance or rejection of the plan. *In re Feldman*, 53 B.R. 355, 358 (Bankr. S.D.N.Y 1985). A party "only has standing to object to the adequacy of a disclosure statement as to its own class and not as to the adequacy of the statement as it affects another class." *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 171 (Bankr. S.D. Ohio 1988). The adequacy of the content of a disclosure statement need not be viewed from the point of view of classes not entitled to vote on the Plan. *Feldman* at 358. Therefore, the Musicians and the Union, who are not members of any class entitled to vote on the Plan, have no standing to object to the adequacy of the Disclosure Statement.

Furthermore, the specific objections of the Musicians and the Union go to the feasibility of the Plan and are premature objections to confirmation, rather than appropriate objections to the Disclosure Statement.

## III. Response to Objection of the Pension

As an initial matter, the Debtor disputes that the Pension Fund has an allowable withdrawal liability claim against the Debtor. In the Rider to the Pension Claim, the Pension Fund alleges that it "terminated the Debtor from the American Federation of Musicians and Employers' Pension Plan on November 10, 2010" and asserts a claim of over $3.1 million for "withdrawal liability." The Pension Fund also claims in its Objection that "on account of Debtor's pre-petition date failure to make certain payments to the AFM Plan, the Fund

---

[1] The proof of claim filed by the Musicians does not alter the fact that they are not creditors. On the face of the exhibit to their claim, the Musicians admit that the alleged debt is that of the Pension Fund.

terminated the Debtor's participation in the AFM Plan, thereby giving rise to the Debtor's withdrawal liability to the Fund" under ERISA. However, the Pension Fund cites to no dispositive authority for the contention that the Debtor is subject to withdrawal liability and the Debtor disputes such liability. To the contrary, the Debtor has never expressed any intent or desire to permanently withdraw from the Pension Fund.

The Disclosure Statement provides that the pre-petition amounts due to the Pension Fund in the approximate amount of $43,486.11 shall be paid in full upon the effective date. To the extent the Court deems it necessary for the Disclosure Statement to address the alleged withdrawal liability portion of the Pension Claim, (which is disputed, contingent, unliquidated and unsecured), the Debtor will amend the Disclosure Statement. The Debtor will also amend the Plan to provide that, to the extent the Pension Claim is allowed, the amount of distribution currently proposed on account of unsecured claims will be distributed on a pro rata basis on account of all unsecured claims, including the Pension Claim to the extent allowed.

WHEREFORE, the Debtor respectfully requests that the Court overrule the Objections and approve the Disclosure Statement.

Respectfully Submitted

/s/ Mark A. Robinson
Mark A. Robinson
Daniel T. Albers, Jr.
Robert T. Wagner
Valenti Hanley & Robinson, PLLC
Suite 1950 One Riverfront Plaza
401 W. Main Street,
Louisville, Kentucky 40202
(502) 568-2100
(502) 568-2101 – Fax
**Counsel for Debtor, The Louisville Orchestra, Inc.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via electronic and/or regular mail this 27th day of June, 2011 as provided by the ECF system, and upon the Debtor's master service list.

 /s/ Mark A. Robinson
Mark A. Robinson